Jonathan A. Dessaules, State Bar No. 019439
Douglas M. Imperi, Jr., State Bar No. 034708
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
dimperi@dessauleslaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter J. Bass and Robert A. Bass,<br><br>  Plaintiffs,<br><br>  vs.<br><br>Kenneth D. Brown,<br><br>  Defendant. | No.<br><br>**COMPLAINT** |

Plaintiffs Peter and Robert Bass allege the following:

**PARTIES AND JURISDICTION**

1. Plaintiffs are citizens of Arizona.

2. Upon information and belief, Defendant is a citizen of California who owns and leases several properties in Maricopa County, Arizona, and employs individuals, including Plaintiffs, to perform work on said properties.

3. Plaintiffs assert claims for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b) and, as such, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution").

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, Defendant regularly conducts business in this district, and Defendant engaged in the conduct alleged in the Complaint—and, thus, is subject to personal jurisdiction in this judicial district.

### GENERAL ALLEGATIONS

5. From April 2021 to August 2021, Plaintiffs performed various handyman, renovation, and other services and tasks for Defendant. Plaintiffs during this time were also tenants of Defendant at a property he owned located at 6323 W. Flower Street, Phoenix, Arizona (the "Flower Property").

6. Plaintiffs performed these services and tasks with the reasonable expectation of being paid and, therefore, met the definition of "employee" under the FLSA. *See* 29 U.S.C. § 203(e)(1).

7. Defendant at all relevant times was an "employer" as defined in 29 U.S.C. § 203(d).

8. Plaintiffs were employees, not independent contractors, based on the following, among other, factors:

    a. Defendant instructed Plaintiffs about when, where, and how to perform their work;

    b. Defendant assigned work assignments by texting or calling Plaintiffs to instruct them where they needed to go and what work they would perform. Plaintiffs did not have any discretion to decide what work to perform, where to perform it, or how to perform it;

    c. Defendant either typically provided materials for Plaintiffs to perform the work or, if he did not have the materials, directed Plaintiffs to pick up the materials and agreed to reimburse Plaintiffs for the costs;

    d. Defendant controlled Plaintiffs' schedule;

  e. Defendant had the sole right to hire and fire Plaintiffs;

  f. Plaintiffs were subject to Defendant's rules as to the scope of work, the materials used, the method of payment, the location of the work, and the dates on which all work was performed;

  g. Plaintiffs have no financial investment with Defendant's business;

  h. Plaintiffs had no opportunity for profit or loss in Defendant's business;

  i. The services rendered by Plaintiffs in their work for Defendant was integral to Defendant's business; and

  j. Plaintiffs had a continuing working relationship with Defendant.

9. Plaintiffs worked varied hours each week depending on the work Defendant assigned to them. In several workweeks, Plaintiffs each worked more than forty hours.

10. Defendant initially agreed to pay Plaintiffs on an hourly basis for work performed.

11. However, Defendant has failed to compensate Plaintiffs for any of their work.

12. Rent at the Flower Property was $1,400.00 per month.

13. On or about June 1, 2021, after working for Defendant for over a month without pay, Plaintiff Peter Bass inquired of Defendant about how to handle rent. Defendant, in response, told him "don't worry about it" since Plaintiffs were performing work for him.

14. On or about July 1, 2021, Plaintiff Peter Bass again asked Defendant about rent and was again told not to worry about rent since Plaintiffs were still performing work.

15. Based on Defendant's representations, as alleged above, Plaintiffs reasonably believed Defendant was applying a portion of their unpaid wages to their rent at the Flower Property during the period they performed work for him, and they would receive the balance in back and current wages owed to them for services performed.

16. Plaintiffs continued to work for Defendant, at no compensation, based on promises and assurances they would be paid, and a portion of their compensation was being applied to their rent.

17. In fact, Defendant never applied Plaintiffs' unpaid wages to rent for the Flower Property. Instead, Defendant filed a forcible detainer action against Plaintiffs for unpaid rent dating back to June 2021, and refused to offset rent with the unpaid wages.

18. Defendant has failed to pay wages to Plaintiffs.

19. Defendant has failed to pay minimum wage to Plaintiffs.

20. Defendant has failed to pay Plaintiffs one-and-one-half times their regular rate of pay for all workweeks in which Plaintiffs worked in excess of 40 hours.

21. Upon information and belief, Defendant has failed to keep complete and accurate time records.

22. Upon information and belief, Plaintiffs were not the first or only employees that Defendant failed or refused to compensate in this manner.

## COUNT I
### (Fair Labor Standards Act – Failure to Pay Minimum Wage)

23. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

24. Plaintiffs were not exempt employees.

25. Defendant deliberately and willfully failed to pay wages due to Plaintiffs in violation of the federal minimum wage law. 29 U.S.C. § 206.

26. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all unpaid wages, liquidated damages, reasonable attorneys' fees, and costs.

## COUNT II
### (Fair Labor Standards Act – Failure to Pay Overtime)

27. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

28. Plaintiffs were not exempt employees.

29. Defendant's practice of failing to pay Plaintiffs one-and-one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violates the FLSA. 29 U.S.C. § 207.

30. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one-and-one-half times the applicable hourly rate at which employees are employed are applicable to Defendant or Plaintiffs.

31. Defendant knew that—or acted with reckless disregard as to whether—his failure to pay to Plaintiffs one-and-one-half times their regular rate of pay for all hours in excess of 40 hours per week would violate federal and state law, and Defendant was aware of the FLSA overtime wage requirements during Plaintiffs' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

32. Plaintiffs are therefore entitled to compensation at the applicable overtime premium for all hours worked in excess of 40 per week, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs. *See* 29 U.S.C. § 216(b).

## COUNT III
### (Arizona Wage Law – Failure to Pay Wages)

33. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

34. A.R.S. § 23-351 provides that "[e]ach employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees." It also provides that the employer "shall pay to the employees all wages due the employees up to that date. . ."

35. Defendant willfully violated A.R.S. § 23-351 by not paying any wages to Plaintiffs.

36. Defendant's failure to pay wages was willful as evidenced by his similar conduct engaged in with other employees and tenants whereby he would induce an individual to perform work based on assurances and representations of payment but then refuse to pay them.

37. Pursuant to A.R.S. § 23-355(A), Plaintiffs are entitled to damages in an amount treble the unpaid wages.

## COUNT IV
### (Arizona Wage Law – Failure to Pay Minimum Wage)

38. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

39. Defendant willfully failed to pay Plaintiffs any wages, meaning Defendant failed to pay wages at the Arizona minimum wage rate, in violation of the Arizona Minimum Wage Act, A.R.S. § 23-363.

40. Defendant's failure to pay wages was willful as evidenced by his similar conduct engaged in with other employees and tenants whereby he would induce an individual to perform work based on assurances and representations of payment but then refuse to pay them.

41. Pursuant to A.R.S. § 23-364, Defendant is required to pay Plaintiffs the balance of wages due, plus an additional amount equal to twice the underpaid wages.

42. Plaintiffs are also entitled to reasonable attorneys' fees and costs under A.R.S. § 23-363(G).

## COUNT V
### (Unjust Enrichment)

43. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein

44. Defendant was enriched by Plaintiffs purchasing and using materials to complete certain labor performed on Defendant's rental properties.

45. Defendant unjustly failed to pay for any of the materials purchased and used by Plaintiffs, despite agreeing to do so.

46. Plaintiffs are entitled to recover the cost of the materials expended.

47. Plaintiffs are also entitled to reasonable attorneys' fees and costs under A.R.S. §§ 12-341 & 12-341.01.

48. Plaintiffs allege this claim as an alternative in the event they are without a remedy at law.

## COUNT VI
### (Quantum Meruit)

49. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

50. Defendant requested that Plaintiffs perform various handyman, renovation, and other services for Defendant. Defendant agreed to pay Plaintiffs for those services.

51. In reliance on Defendant's promises to compensate Plaintiffs for those services, Plaintiffs did the work.

52. The value of the labor Plaintiffs provided is worth no less than $25 an hour for every hour they performed work. Accordingly, Plaintiffs are entitled to the reasonable value of the services Plaintiffs performed for Defendant for which Defendant has not yet paid.

53. Plaintiffs are also entitled to reasonable attorneys' fees and costs under A.R.S. §§ 12-341 & 12-341.01.

## COUNT VII
### (Fraud)

54. Plaintiffs incorporate all the foregoing paragraphs as if fully set forth herein.

55. Defendant falsely represented that: (1) he would pay Plaintiffs for their labor; (2) he would reimburse Plaintiffs for the materials they purchased to perform work for him; and (3) Plaintiffs' rent was covered while Plaintiffs performed work for him.

56. These representations were material as they convinced Plaintiffs to work for Defendant and buy materials for him.

57. Plaintiffs did not know these representations were false and had a right to rely on the representations of their landlord.

58. Defendant intended on Plaintiffs relying on his representations as he continuously assigned them work projects and only sought to evict them after they stopped working for him. When asked about where and how to pay rent, Defendant assured Plaintiffs that the rent would be offset by the wages owed to them, thereby further inducing them to continue working for him.

59. As a direct and proximate result of Defendant's false representations, Plaintiffs spent a substantial number of hours performing unpaid labor, incurred costs to purchase materials, and did not pay rent—allowing Defendant to file an eviction action against them and force Plaintiffs to incur costs defending the eviction action.

60. Upon information and belief, Defendant also agreed to pay other tenants for labor but did not end up paying those tenants.

61. Defendant's actions were part of an intentional scheme where Defendant would profit off his tenant's unpaid labor, convince the tenants to stop paying rent, then evict them and seek a judgment in his favor when he was done using them. Such scheme was evil and malicious and warrants the imposition of punitive damages sufficient to deter the recurrence of that act by Defendant or similarly situated person.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(A) An award of unpaid minimum wages pursuant to 29 U.S.C. §§ 206 and 216(b), and A.R.S. § 23-364(G);

(B) An award of unpaid overtime pursuant to 29 U.S.C. §§ 207 and 216(b);

(C) An award of unpaid wages pursuant to A.R.S. § 23-355(A);

(D) An award of liquidated and treble damages;

(E) An award of compensatory damages;

(F) An award of punitive damages;

(G) Pre- and post-judgment interest on the amount of unpaid wages pursuant to A.R.S. § 23-364(G);

(H) Attorneys' fees pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(B), A.R.S. §§ 12-341 & 341.01;

(I) Costs pursuant to 29 U.S.C. § 216(b), A.R.S. §§ 12-341, and 23-364(G);

(J)  In the event Defendant fails to timely satisfy any judgment for Plaintiffs, an award that Defendant shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment, with interest thereon, in accordance with A.R.S. § 23-360; and

(K)  Such other relief the Court deems just and proper.

DATED this 23rd day of December 2021.

DESSAULES LAW GROUP

By: /s/ Douglas M. Imperi, Jr.
Jonathan A. Dessaules
Douglas M. Imperi, Jr.
*Attorneys for Plaintiffs*