WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter J. Bass, et al., | No. CV-21-02197-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kenneth D. Brown, | |
| Defendant. | |

Pending before the Court are (1) a motion for default judgment by Peter and Robert Bass (together, "Plaintiffs"); and (2) a motion to set aside entry of default by Kenneth Brown ("Defendant"). (Docs. 10, 11.) For the following reasons, the former is denied and the latter is granted.

**BACKGROUND**

On December 23, 2021, Plaintiffs initiated this action by filing the complaint, which asserts federal and state-law claims for unpaid minimum and overtime wages. (Doc. 1.)

On January 6, 2022, Plaintiffs filed a notice of service, which states that Defendant, who was "believed to be a citizen of the state of California," had been served via registered mail in California on December 31, 2021. (Doc. 6.) The attached proof of service states that the mailing was received by an unspecified "agent" of Defendant. (Doc. 6-1 at 2.)

On January 26, 2022, after Defendant had not answered or otherwise responded to the complaint, Plaintiffs filed an application for entry of default. (Doc. 7.)

On January 28, 2022, the Court of Clerk entered a default. (Doc. 9.)

On March 3, 2022, Plaintiffs filed a motion for default judgment. (Doc. 10.)

On March 14, 2022, Defendant filed a motion to set aside entry of default. (Doc. 11.) That motion is now fully briefed. (Docs. 14, 15.)

**DISCUSSION**

I. <u>Legal Standard</u>

The Court will begin by addressing Defendant's motion to set aside entry of default because, if that motion were granted, Plaintiffs' motion for default judgment would necessarily fail. *See, e.g., Troy-CSL Lighting, Inc. v. Bath Kitchen Decor, LLC*, 2014 WL 12911165, *5 (C.D. Cal. 2014) ("In light of the Court's decision to set aside the entry of default against Defendants, Plaintiff's application for default judgment must be denied. Federal Rule of Civil Procedure 55(b) provides for a court ordered default judgment following entry of default by the court clerk under Rule 55(a). Because this order vacates the clerk's entry of default against Defendants, Plaintiff can no longer meet Rule 55(b)'s procedural requirements for default judgment.") (cleaned up).

Defendant's request is governed by Rule 55(c) of the Federal Rules of Civil Procedure, which provides that the Court "may set aside an entry of default for good cause." To determine whether good cause exists to vacate an entry of default, courts consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (brackets and quotation marks omitted). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quotation marks omitted). *See also Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) (holding that the disjunctive nature

of the inquiry means a court may, but need not, refuse to set aside the default if any one factor is met).

As for the first factor, "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (brackets omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (quotation marks omitted). Thus, a defendant is culpable "where this is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.* However, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions *may* be assumed, and with it, intentionality." *Id.* at 1093 (emphasis added). The Court "retains the discretion (but not the obligation) to infer intentionality from the actions of a legally sophisticated party and to thereby find culpability." *Idaho Golf Partners, Inc. v. Timberstone Mgmt. LLC*, 2015 WL 1481396, *4 (D. Idaho 2015).

As for the second factor, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," but "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense"—the truth of those facts is "the subject of the later litigation." *Id.*

As for the third factor, the non-defaulting party is prejudiced if its ability to pursue its claim has been "hindered" due to delay resulting in "tangible harm such as loss of

evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* "[M]erely being forced to litigate on the merits cannot be considered prejudicial." *Id.*

The decision whether to vacate the entry of default "is committed to the discretion of the district courts" and is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1112. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "[W]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). The same reasoning applies—with at least as much force—to relief from entry of default. *Mendoza*, 783 F.2d at 945.

II.     The Parties' Arguments

Defendant argues that the entry of default should be set aside. (Doc. 11.) First, Defendant argues that Plaintiffs' service attempt was invalid because the proof of service indicates that the recipient was an unspecified "agent" and there is no evidence this person had authority to accept service on Defendant's behalf. (*Id.* at 3-4.) Second, Defendant argues that Plaintiffs would not suffer any prejudice from setting aside the default because "[d]efault was entered at the end of January," "a default judgment has not been entered," "[i]t is difficult to imagine any pecuniary loss that Plaintiffs could have suffered within the past two months caused by Defendant's failure to appear of otherwise defend," and "there is no indication that there has been a loss of evidence due to the Defendant's failure to appear or otherwise defend." (*Id.* at 4-5.) Third, Defendant argues that he has a meritorious defense to the alleged wage violations because "there was never an employer-employee

relationship between Plaintiffs and Defendant. While it is true that Plaintiffs performed various handyman services for Defendant, showed houses to prospective tenants, and delivered notices for Defendant, Defendant did not exercise the amount of control required over Plaintiffs' work to justify a conclusion that they were his employees." (*Id.* at 5-7.) In support of this argument, Defendant submits a declaration containing detailed avowals regarding the nature of the parties' relationship. (*Id.* at 12-15 ¶¶ 11-31.) Fourth, Defendant argues that he did not engage in culpable conduct leading to the default because he "never actually received service of the Summons and Complaint." (*Id.* at 2, 7-8.) In support of this assertion, Defendant avows in his declaration that he moved from California to Florida on the purported service date of December 31, 2021 (so he couldn't have personally received the mailing), that none of his former housemates were present at the time of purported service, and that he doesn't recognize the signature on the proof of service submitted by Plaintiffs. (*Id.* at 10-11 ¶¶ 4-6.) Defendant further avows that the summons and complaint were never forwarded to his new address in Florida and that he only became aware of this lawsuit by happenstance on January 31, 2022, by which point a default had already been entered. (*Id.* at 11-12 ¶¶ 7-10.)

Plaintiffs oppose Defendant's motion. (Doc. 14.) As for the propriety of their service effort, Plaintiffs argue that their submission of a certificate of service creates a strong presumption that service was effective, that the relevant rules only require service via certified mail at the known address of the defendant (and do not, in contrast, require proof that the recipient was an authorized agent of the defendant), and that Defendant's efforts to question the identity of the signing party are unavailing because it is "unclear what motive or rationale another person would have for signing for [Defendant's] certified mail" and "if as [Defendant] alleges, no one else was home to sign the receipt . . . [Defendant] is making a bizarre claim that someone who does not live at his house inexplicably decided to sign for his mail using his name and signature." (*Id.* at 3-7 & n.1.) For these reasons, Plaintiffs also argue that the culpable-conduct factor under Rule 55(c) is satisfied, as Defendant "had ample notice of this litigation and willfully chose not to

participate" and took no steps to participate in the litigation between January 31, 2022 (when he admittedly received notice) and mid-March 2022. (*Id.* at 7-9.) As for the risk of prejudice, Plaintiffs acknowledge that "[t]he prejudice in this case is not overwhelming" but contend there would still be "real consequences if the default is lifted" because they expended significant sums pursuing a default judgment and there is always a risk that evidence and memories will fade over time. (*Id.* at 9-10.) Finally, as for the availability of meritorious defenses, Plaintiffs argue that Defendant merely "provides a list of alleged facts concerning the working arrangement between the parties without explaining how those facts defeat the employer-employee relationship" and conspicuously fails to assert in his declaration that he paid Plaintiffs, which would be necessary to defeat Plaintiffs' state-law claims. (*Id.* at 10-13.)

In reply, Defendant argues that Plaintiffs' cited cases regarding the validity of their service attempt are distinguishable (Doc. 15 at 2-4); that Plaintiffs cannot establish prejudice because most of their arguments turn on the costs of preparing their default judgment motion, yet his "counsel contacted Plaintiffs' counsel prior to the date they filed for entry of judgment," and the overall delay is only one and a half months (*id.* at 4-6); that he has done enough to establish a meritorious defense because he has "provided the Court with more than a 'mere denial'" by providing a detailed declaration that "allege[s] facts that, if true, eviscerate all of Plaintiffs' claims" (*id.* at 6-9); and that he did not engage in culpable conduct leading to the default because Plaintiffs "have provided no evidence that Defendant received actual notice on December 31, 2021," it is "undisputed that Defendant received actual notice of this lawsuit for the first time on January 31, 2022," by which point "default had already been entered," and "Defendant promptly retained counsel who filed the pending Motion, which was filed prior to the entry of default judgment" (*id.* at 9-11).

III.   Analysis

The Court has little trouble concluding that Defendant's motion to set aside entry of default should be granted. Even assuming that Plaintiffs' service effort on December 31, 2021 was legally valid, Defendant has established that he did not become aware of the

1 lawsuit until January 31, 2022, by which point a default had already been entered.

2 With this backdrop in mind, the Rule 55(c) factors strongly favor Defendant. As noted, the first factor (intentionality) evaluates whether the movant "acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (quotation marks omitted). The evidence submitted by Defendant establishes that he took reasonably diligent steps to ensure that his mail would be forwarded to his new address in Florida after his move from California (although those steps failed to ensure that the December 31, 2021 mailing was forwarded to him) and then took reasonably diligent steps to defend this case after becoming aware of it in late January 2022, including retaining counsel to reach out to Plaintiffs' counsel in an effort to have the default set aside. Such steps undermine any suggestion that Defendant was engaged in a bad-faith effort to manipulate the legal process.

As for the second factor (meritorious defense), although the Court appreciates Plaintiffs' effort to point out various holes in Defendant's evidentiary showing, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (quotation marks omitted). Here, Defendant has identified various non-frivolous reasons why he believes he will be able to assert meritorious defenses to Plaintiffs' claims and has explained those reasons in detail. Given that "judgment by default is a drastic step appropriate only in extreme circumstances" and that cases "should, whenever possible, be decided on the merits," *id.* at 1091 (quotation marks omitted), the Court concludes that Defendant has done just enough, for Rule 55(c) purposes, to establish that meritorious defenses potentially exist. Whether those defenses will ultimately prevail is a different question for a different day.

Finally, as for the third factor (prejudice), Plaintiffs cannot point to the costs they incurred when pursuing their default judgment motion in light of the undisputed fact (Doc. 10 at 8 n.2; Doc. 15 at 5) that defense counsel reached out to Plaintiffs' counsel about setting aside the default before that motion was filed—had Plaintiffs simply acceded to the

lifting of the default so this case could be litigated on the merits, those expenses could have been avoided (or, at least, greatly reduced). And more broadly, the delay in this case was quite short in the overall scheme of things and there has been no specific showing as to the loss of evidence during the short period of delay.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion to set aside entry of default (Doc. 11) is **granted**.
2. Plaintiffs' motion for default judgment (Doc. 10) is **denied as moot.**
3. The Clerk of Court shall **set aside** the default (Doc. 9).
4. Defendant is ordered to **answer or otherwise respond** to the complaint within 21 days of entry of this order.

Dated this 23rd day of May, 2022.

Dominic W. Lanza
United States District Judge